Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

September 4, 2018



Arthur J. Liederman, Esquire
Morrison Mahoney LLP
120 Broadway, Suite 1140
New York, NY 10271

RE:   Spedale v. Constellation Pharmaceuticals, Inc.
      United States District Court, District of Arizona Case No. 2:17-cv-00109

Dear Mr. Liederman,

This report is in response to your request that I provide, based on my education and experience, an explanation of the respective roles and responsibilities of the sponsor Constellation Pharmaceuticals, the IRB of record (Mayo Clinic) and investigators in the conduct of clinical trials as it pertains to this case.

**Professional Background**
I am a Professor of Medicine and Pharmacology at Vanderbilt University Medical Center. I have over 30 years of experience in clinical research with continuous funding by the National Institute of Health. As such, I have been the Principal Investigator of dozens of Investigator-Initiated research studies that have been submitted and approved by the IRB. I have also participated in multiple clinical trials sponsored by industry.

I have been the Associate Director of Vanderbilt's Clinical Research Center sponsored by NIH grant, and the founder of Vanderbilt's Clinical Trials Center that supports our faculty in their ability to perform clinical research. I have served as member of the Conflict of Interest Committee and have been the Chair of the Vanderbilt Pharmacy and the Therapeutics Committee.

In regards to my direct experience related to institutional review boards, I have been a member of Vanderbilt's IRB for several years, and its Chair for two years. I was asked by the institution to lead the reorganization of our IRB, which led to receiving the Vice-President Al Gore Hammer Award in recognition to our streamlining efforts. Finally, I represented Vanderbilt in the foundation of the Multicenter Academic Research Organization (MACRO), one of the earliest efforts to provide an Academic Centralized IRB to facilitate multicenter trials.

Therefore, I have expertise in clinical research, the IRB review process and underlying federal regulations.

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

**Documents and items reviewed**

In preparing this report, I have reviewed the following items:

- The Informed Consent approved by the Mayo Clinic on February 27, 2015 relating to Clinical Trial Protocol: 0610-03
- Communications between the Mayo Clinic IRB and Dr. Bergsagel.
- Depositions of the physicians and clinical research staff of Mayo Clinic, Arizona, Drs. Bergsagel and Fonseca, and Mr. Singh, and the deposition of Michael Cooper of Constellation Pharmaceuticals.
- The clinical trial protocol 0610-03, and the investigators brochure for CPI-0610 (version 1 of May 23, 2014 and version 2 of April 5, 2016).
- Documents regarding current and past guidelines, regulations and laws pertaining to the protection of human subjects.
- Bi-weekly PI Teleconference Highlights (January 8 and 22, 2016).
- Medwatch safety reports related to two cases of previous mental confusion.
- Email communication between Mayo Investigators and Dr. Cooper.
- INC Research Analysis of Similar Events for IND Safety Reports
- The website content of the Mayo Clinic IRB.
- Mayo Clinic IRB documentation of review of the protocol and consent forms
- Informed Consent Documents from Tennessee Oncology, PLLC approved by the Integreview Ethical Review Board, bates pages 16427-16562
- Informed Consent Documents from the University of Pennsylvania, bates pages 16563-16767
- Informed Consent Documents from the Dana-Farber/Harvard Cancer Center, bates pages 16768-16872

**Comments Regarding IRB Issues**

1. All clinical trials are required by Federal Regulations to be approved by an Institutional Review Board that is independent of the Study Sponsor. The mandate and responsibilities of the Institutional Review Boards are covered by the Code of Federal Regulation 45 CFR §46.107:
    1. Members of this review panel should possess "the professional competence necessary to review specific research activities",
    2. Each IRB shall include at least one member whose primary concerns are in scientific areas and at least one member whose primary concerns are in nonscientific areas.
    3. Each IRB shall include at least one member who is not otherwise affiliated with the institution and who is not part of the immediate family of a person who is affiliated with the institution

2. Under 21CFR56.111 it is the **responsibility of the IRB** to ensure that:

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

   1. Risks to subjects are minimized
   2. Risks to subjects are reasonable in relation to anticipated benefits, if any, to subjects, and importance of the knowledge that may be expected to result.
   3. Selection of subjects is equitable
   4. Informed consent is sought from each prospective subject.
3. The Mayo Clinic IRB acted as the IRB of record for patients enrolled at the Mayo Clinic on the clinical trial protocol 0610-03. The oversight authority of the Mayo Clinic IRB derives from a Federalwide Assurance (FWA 00005001)[1] on file with the Federal Office for Human Research Protection (OHRP). Through the FWA, Mayo Clinic commits to the Department of Health and Human Services (DHHS) that it complies with the requirements in the HHS Protection of Human Subjects regulations covered by the Code of Federal Regulation governing Human Subject Protection (45 CFR 46)[2].

4. Under this Federalwide Assurance, the Mayo Clinic IRB is responsible for[1]:
   1. Review all human research activities and document its findings regarding the ethical considerations, scientific merit, and adherence to Federal regulations and Mayo Clinic policies.
   2. Review and monitor ongoing human research for adherence to the Federal regulations and Mayo Clinic policies.

5. The Mayo IRB is independent and does not report to departments or individuals that rely on the IRB review of his/her research.[1]

6. The Mayo Clinic IRB was responsible for the review of Protocol 0610-03, its scientific merit and potential risks associated with that protocol. It is also responsible for reviewing, amending when appropriate, and approving the consent form.

7. The Mayo Clinic IRB is responsible for ensuring that all Investigators involved in clinical research at that institution are adequately trained in responsible conduct of research and are familiar with relevant regulations.

8. Under current guidelines of the Mayo Clinic IRB, its responsibilities include ensuring that Mayo Clinic Investigators: [1]
   1. Acquire the appropriate knowledge regarding human research protections, ethics, and Federal regulations, applicable to his/her proposed research.
   2. Assure that his/her key study personnel are sufficient in number to complete proposed studies and are adequately trained and knowledgeable regarding human research protections, ethical considerations, and Federal regulations applicable to the proposed research.
   3. Comply with training, monitoring, and human research protection requirements as determined by the organization or IRB.

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

9. Current guidelines of the Mayo Clinic IRB also require that a plan be in place to obtain consent[3]:
   1. Recruitment and advertising activities.
   2. Payment arrangement, if any.
   3. The method(s) for obtaining informed consent, including where or how communication will take place.
   4. The amount of time planned for the consent process.
   5. Method(s) for assessment of a subject's capacity to consent.
   6. The protections that are planned to reduce potential subject's vulnerability to coercion or undue influence during the consenting process.
   7. The waiting period between discussion, decision, and enrollment.
   8. Study team members who will meet with the prospective subject and obtain informed consent. These individuals must be sufficiently trained, knowledgeable about the research project in order to answer questions posed by the subject, and must have IRB approval to obtain consent.
   9. If the investigator has a preexisting relationship with a prospective subject, the responsibility for the consent process will be delegated to another qualified member of the study team to avoid the possibility of undue influence to participate in the research.

10. Moreover, pursuant to the Mayo Clinic's guidelines, the IRB is responsible for determining whether the consent process is appropriate for the proposed research activities, and if revision to the consent document or the consent process are necessary; reviews the proposed research protocol and determines that the consent document accurately reflects the purpose, risks, potential benefits if any, and procedures as outlined in the research protocol, and contains all the requirements of consent disclosure; determines whether documentation of informed consent is appropriate for the proposed research activities, the subject population and the level or risk; and determines if revisions to the consent process or consent document are necessary.[3]

11. The Mayo Clinic's guidelines also stated that its IRB is responsible for ensuring that the consent documents, as submitted to the IRB, are approvable; that the consent document is written in language that is understandable to the research project population; that the consent document accurately described the risks and benefits approved by the IRB initially, and at the time of research protocol modifications, continuing review, submission of reportable events and other safety-related information; and that the consent process minimizes the possibility of coercion or undue influence and maximizes continued legally effective informed consent. Notably, the Mayo Clinic IRB is responsible to ensure that any significant new findings or

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

alterations to the risks and benefits that may relate to the subject's willingness to continue participation will be provided to the subject.[3]

12. Thus, the Mayo Clinic IRB was responsible for ensuring the scientific review of Protocol 0610-03, ensuring that the Consent Form informed potential participants of their rights, the training of investigators involved in the conduct of this protocol, and monitoring of the conduct of the trial. This responsibility is not only detailed in the Mayo Clinic IRB FWA, its own Standard Operating Procedures, but also in the **"Clinical Trial Agreement"** signed by Constellation Pharmaceuticals and Mayo Clinic Arizona:
    1. "Institution desires to conduct such Trial in accordance with the protocol as approved by the Federal Food and Drug Administration ("**FDA**") and the institutional review board utilized by Institution for this Trial (the "**IRB**")."
    2. In furtherance of the foregoing obligations, Institution shall ensure that an IRB as applicable, established and constituted in accordance with applicable laws and regulations, oversees the conduct of the Study and is fully compliant with 21 C.F.R. § 56. Institution shall comply with the directives of the IRB respecting the conduct of the Study, and shall notify Sponsor to the extent any such directives vary from the Protocol. Institution shall obtain from each Subject, prior to the Subject's participation in the Study, a signed informed consent."
    1. "Informed Consent. Institution will obtain a written Informed Consent Form ("**ICF**") for each Trial Subject that complies with Applicable Law and is consistent with the Protocol. Institution will maintain a signed original of that ICF in the Trial Subject's record."

13. Furthermore, the Mayo Clinic Investigators were responsible for complying with all relevant regulations, including obtaining informed consent from the plaintiff.

**Facts of the Case**
1. The evidence reviewed indicates that the Mayo Clinic IRB provided independent and comprehensive review of Protocol 0610-03 and its Consent Form. The Mayo Clinic's IRB minutes are contained at bates pages 015765-015790 from 1/3/2014-1/29/2018.

2. The Mayo Clinic IRB Review Board complies with current regulations for independence, and includes a lay person to ensure that the Consent Form adequately explains potential risks.

3. It is common practice for the Sponsor (Constellation Pharmaceuticals) to prepare a Study Protocol to be used uniformly on multiple study sites, and to prepare a draft of the consent form.

4. It was the responsibility of the Mayo IRB to review the protocol, the balance of risk of the study vs. the potential benefit to knowledge, and to review and amend the consent

5

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

form, if appropriate. There is evidence that the Mayo IRB reviewed several versions of the Consent Form with approval dates of:
1. February 28, 2014
2. April 24, 2014
3. July 23, 2014
4. February 17, 2015
5. February 27, 2015
6. January 21, 2016
7. February 17, 2016
8. July 13, 2016
9. August 26, 2016
10. January 6, 2017
11. February 10, 2017

5. Several of these consent forms had drafts with annotations and amendments made, indicating that Mayo IRB did not approve the Constellation consent form verbatim.

6. There are extensive minutes of the Mayo IRB meeting discussing this study and requesting modifications to the consent form.

7. Informed consent was obtained from the plaintiff by Mayo Clinic investigators. The consent form signed by the plaintiff was compliant with current federal regulations:
   1. Page 1 of the consent form clearly informed the plaintiff of the research nature of the study and the experimental nature of the drug (CFR 46.116(a)(1)).
   2. Page 1 of the consent form also clearly outlined the rights of the plaintiff as a volunteer participant. Including the following statements (CFR 46.116(a)(8)):
      - "Taking part in this study is completely voluntary."
      - "You can choose not to participate."
      - "You are free to change your mind at any time if you choose to participate."
      - "Your decision won't cause any penalties or loss of benefits to which you're otherwise entitled."
      - "Your decision won't change the access to medical care you get at Mayo Clinic now or in the future if you choose not to participate or discontinue your participation."
   3. Finally, the consent form clearly explained this was not a therapeutic trial, but one to determine the highest dose that could be tolerated without significant side effects: "The main purpose of this study is to determine the highest dose of CPI-0610 that can be given without causing severe side effects. This is a Phase 1 study, which means that CPI-0610 is in very early stages of testing in humans."

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

8. Testimony provided in the depositions of Mr. Singh and Drs. Bergsagel and Fonseca indicate that personnel involved in the trial were experienced in clinical research and underwent required training by the Mayo Clinic. It also indicates that the informed consent process was followed using current guidelines.

9. Constellation Pharmaceuticals organized regularly schedule teleconferences to inform investigators at the Mayo Clinic and the other sites (Tennessee Oncology, University of Pennsylvania and Dana-Farber/Harvard Cancer Center) of the occurrence of ongoing adverse events, including the occurrence of mental confusion in two cases (Medwatch reports dated 7/23/2018 and 11/8/2015).

**Therefore, in my opinion,**

1. The Mayo Clinic IRB was contractually responsible for evaluating the risk/benefit ratio of Protocol 0610-03; for ensuring that the consent document adequately reflected potential risks and was written in a language that was understandable to patients to be recruited; for making amendments to the consent form document as appropriate, and approving the consent form, independently from Constellation Pharmaceuticals. Pursuant to the institutional guidelines of the Mayo Clinic, it was the responsibility of the Mayo Clinic investigators to ensure that informed consent was adequately obtained.

2. The available evidence indicates that Protocol 0610-03 underwent adequate IRB review, including extensive and repeated amendments to the Sponsor's draft of the Consent form.

3. The plaintiff was adequately informed of the nature of the study and potential risks, including the possibility that, given the investigational nature of the drug, there were risks that could not be known at the time of the study.

4. Constellation adequately informed Mayo Clinic investigators of other adverse events occurring at other sites participating in this protocol, including instances of mental confusion.

5. It is in part the responsibility of the IRB and investigators to assess if the consent document should be amended to reflect new significant risks. It is my opinion that based of the available information at the time, these incidences occurred in medically complex patients and would not have prompted an amendment of the consent form. Indeed, to my knowledge no episodes of mania have been reported subsequently. Furthermore, investigators at Tennessee Oncology, University of Pennsylvania, and Dana-Farber/Harvard Cancer center, also received the same information related to these episodes of confusion and they did not include this information in subsequent versions of their consent documents.

Italo Biaggioni, MD
Professor of Medicine and Pharmacology
Vanderbilt University Medical Center                    Italo.biaggioni@vanderbilt.edu

6. In summary, it is my opinion based on my years of experience in clinical research, that Constellation Pharmaceuticals, the Mayo Clinic's IRB and Mayo Clinic investigators complied with relevant federal regulations, and the procedures followed in this case conform to standard practices. The Mayo Clinic IRB was responsible to approve a consent form that informed the plaintiff of potential risks; and Mayo Clinic investigators were responsible for obtaining informed consent of the patients. It is my opinion that the Mayo Clinic IRB and Mayo Clinic investigators fulfilled these responsibilities. The consent document amended and approved by the Mayo Clinic IRB, and signed by the plaintiff, was in a format and language typically seen in clinical studies. The consent form clearly identified the study as a phase I study, and defined the goal as to "determine the highest dose of CPI-0610 that can be given without causing severe side effects" and informed the patient that given the investigational nature of the drug, there were risks that could not be known at the time of the study. It is also my opinion that based on routine practice, the two instances of mental confusion, a condition clinically different from mania, occurred in medically complex patients that would not have prompted an amendment of the consent document.

Respectfully yours,

Italo Biaggioni, MD

**References Cited:**
1. https://www.mayo.edu/research/documents/1-inst-commitment-and-authoritypdf/doc-10027286. Last accessed August 2018.
2. https://www.gpo.gov/fdsys/pkg/CFR-2016-title45-vol1/pdf/CFR-2016-title45-vol1-part46.pdf. Last accessed August 2018.
3. https://www.mayo.edu/research/documents/28-informed-consent-the-research-subjectpdf/doc-10027563 Last accessed August 2018.

| DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>FOOD AND DRUG ADMINISTRATION<br>**STATEMENT OF INVESTIGATOR**<br>*(TITLE 21, CODE OF FEDERAL REGULATIONS (CFR) PART 312)*<br>(See instructions on reverse side.) | Form Approved: OMB No. 0910-0014<br>Expiration Date: April 30, 2015<br>*See OMB Statement on Reverse.*<br>**NOTE:** No investigator may participate in an investigation until he/she provides the sponsor with a completed, signed Statement of Investigator, Form FDA 1572 (21 CFR 312.53(c)). |
|---|---|

### 1. NAME AND ADDRESS OF INVESTIGATOR

Name of Principal Investigator
Peter L. Bergsagel, MD

| Address 1 | | Address 2 | |
|---|---|---|---|
| Mayo Clinic | | 13400 E. Shea Boulevard | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Scottsdale | AZ | USA | 85259 |

### 2. EDUCATION, TRAINING, AND EXPERIENCE THAT QUALIFY THE INVESTIGATOR AS AN EXPERT IN THE CLINICAL INVESTIGATION OF THE DRUG FOR THE USE UNDER INVESTIGATION. ONE OF THE FOLLOWING IS PROVIDED *(Select one of the following.)*

[X] Curriculum Vitae     [ ] Other Statement of Qualifications

### 3. NAME AND ADDRESS OF ANY MEDICAL SCHOOL, HOSPITAL, OR OTHER RESEARCH FACILITY WHERE THE CLINICAL INVESTIGATION(S) WILL BE CONDUCTED     [CONTINUATION PAGE for Item 3]

Name of Medical School, Hospital, or Other Research Facility
Mayo Clinic (DRUG SHIPMENT)

| Address 1 | | Address 2 | |
|---|---|---|---|
| 13400 E Shea Boulevard | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Scottsdale | AZ | USA | 85259 |

### 4. NAME AND ADDRESS OF ANY CLINICAL LABORATORY FACILITIES TO BE USED IN THE STUDY     [CONTINUATION PAGE for Item 4]

Name of Clinical Laboratory Facility
Mayo Clinic

| Address 1 | | Address 2 | |
|---|---|---|---|
| 13400 E Shea Boulevard | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Scottsdale | AZ | USA | 85259 |

### 5. NAME AND ADDRESS OF THE INSTITUTIONAL REVIEW BOARD (IRB) THAT IS RESPONSIBLE FOR REVIEW AND APPROVAL OF THE STUDY(IES)     [CONTINUATION PAGE for Item 5]

Name of IRB
Mayo Clinic Institutional Review Board

| Address 1 | | Address 2 | |
|---|---|---|---|
| 200 First Street SW | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Rochester | MN | USA | 55905 |

### 6. NAMES OF SUBINVESTIGATORS *(If not applicable, enter "None")*

Joseph Mikhael, MD         Angela Ann Mayo, PA-C
Craig Reeder., MD          Angela M. Toro, NP-C
Donald W. Northfelt, MD

[CONTINUATION PAGE – for Item 6]

### 7. NAME AND CODE NUMBER, IF ANY, OF THE PROTOCOL(S) IN THE IND FOR THE STUDY(IES) TO BE CONDUCTED BY THE INVESTIGATOR

0610-03: A Phase 1 Study of CPI-0610, a Small Molecule Inhibitor of BET Proteins, in Patients with Previously Treated Multiple Myeloma

| | |
|---|---|
| 8. PROVIDE THE FOLLOWING CLINICAL PROTOCOL INFORMATION. *(Select one of the following.)* | |
| [X] For Phase 1 investigations, a general outline of the planned investigation including the estimated duration of the study and the maximum number of subjects that will be involved. | |
| [ ] For Phase 2 or 3 investigations, an outline of the study protocol including an approximation of the number of subjects to be treated with the drug and the number to be employed as controls, if any; the clinical uses to be investigated; characteristics of subjects by age, sex, and condition; the kind of clinical observations and laboratory tests to be conducted; the estimated duration of the study; and copies or a description of case report forms to be used. | |

### 9. COMMITMENTS

I agree to conduct the study(ies) in accordance with the relevant, current protocol(s) and will only make changes in a protocol after notifying the sponsor, except when necessary to protect the safety, rights, or welfare of subjects.

I agree to personally conduct or supervise the described investigation(s).

I agree to inform any patients, or any persons used as controls, that the drugs are being used for investigational purposes and I will ensure that the requirements relating to obtaining informed consent in 21 CFR Part 50 and institutional review board (IRB) review and approval in 21 CFR Part 56 are met.

I agree to report to the sponsor adverse experiences that occur in the course of the investigation(s) in accordance with 21 CFR 312.64. I have read and understand the information in the investigator's brochure, including the potential risks and side effects of the drug.

I agree to ensure that all associates, colleagues, and employees assisting in the conduct of the study(ies) are informed about their obligations in meeting the above commitments.

I agree to maintain adequate and accurate records in accordance with 21 CFR 312.62 and to make those records available for inspection in accordance with 21 CFR 312.68.

I will ensure that an IRB that complies with the requirements of 21 CFR Part 56 will be responsible for the initial and continuing review and approval of the clinical investigation. I also agree to promptly report to the IRB all changes in the research activity and all unanticipated problems involving risks to human subjects or others. Additionally, I will not make any changes in the research without IRB approval, except where necessary to eliminate apparent immediate hazards to human subjects.

I agree to comply with all other requirements regarding the obligations of clinical investigators and all other pertinent requirements in 21 CFR Part 312.

### INSTRUCTIONS FOR COMPLETING FORM FDA 1572
### STATEMENT OF INVESTIGATOR

1. Complete all sections. Provide a separate page if additional space is needed.
2. Provide curriculum vitae or other statement of qualifications as described in Section 2.
3. Provide protocol outline as described in Section 8.
4. Sign and date below.
5. FORWARD THE COMPLETED FORM AND OTHER DOCUMENTS BEING PROVIDED TO THE SPONSOR. The sponsor will incorporate this information along with other technical data into an Investigational New Drug Application (IND). INVESTIGATORS SHOULD NOT SEND THIS FORM DIRECTLY TO THE FOOD AND DRUG ADMINISTRATION.

| 10. DATE *(mm/dd/yyyy)* | 11. SIGNATURE OF INVESTIGATOR | Sign |
|---|---|---|
| 04/02/2014 | *[signature]* | |

(WARNING: A willfully false statement is a criminal offense. U.S.C. Title 18, Sec. 1001.)

The information below applies only to requirements of the Paperwork Reduction Act of 1995.

The burden time for this collection of information is estimated to average 100 hours per response, including the time to review instructions, search existing data sources, gather and maintain the data needed and complete and review the collection of information. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the address to the right:

Department of Health and Human Services
Food and Drug Administration
Office of Chief Information Officer
Paperwork Reduction Act (PRA) Staff
PRAStaff@fda.hhs.gov

"An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB number."

DO NOT SEND YOUR COMPLETED FORM
TO THIS PRA STAFF EMAIL ADDRESS.

**FIRST CONTINUATION PAGE FOR ITEM 4**

NAME AND ADDRESS OF ANY CLINICAL LABORATORY FACILITIES TO BE USED IN THE STUDY
*(Enter additional names and addresses below.)*

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| Mayo Clinic Hospital | | | |
| Address 1 | | Address 2 | |
| 5777 E. Mayo Boulevard | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Phoenix | AZ | USA | 85054 |

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| Massachusetts General Hospital | | | |
| Address 1 | | Address 2 | |
| 55 Fruit Street | | Room GRJ 1025 | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Boston | MA | USA | 02114 |

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| Massachusetts General Hospital, Translational Research Laboratory | | | |
| Address 1 | | Address 2 | |
| 70 Blossom Street | | Jackson Building, GRJ-1015 | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| Boston | MA | USA | 02114 |

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| | | | |
| Address 1 | | Address 2 | |
| | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| | | | |

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| | | | |
| Address 1 | | Address 2 | |
| | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| | | | |

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| | | | |
| Address 1 | | Address 2 | |
| | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| | | | |

| Name of Clinical Laboratory Facility | | | |
|---|---|---|---|
| | | | |
| Address 1 | | Address 2 | |
| | | | |
| City | State/Province/Region | Country | ZIP or Postal Code |
| | | | |

[Add Second Continuation Page for Item 4]   [Remove Continuation Page]   [Return to Form]