Arthur J. Liederman (Bar No. 1184167)
(*Admitted Pro Hac Vice*)
aliederman@morrisonmahoney.com
Nicole M. Battisti (Bar No. 4961413)
(*Admitted Pro Hac Vice*)
nbattisti@morrisonmahoney.com
**MORRISON MAHONEY LLP**
120 Broadway, Suite 1010
New York, NY 10271
Telephone: (212) 825-1212
Facsimile: (212) 825-1313


Jeffrey S. Hunter, Esq. (Bar No. 024426)
JHunter@rcdmlaw.com
**RENAUD, COOK, DRURY, MESAROS, PA**
One North Central, Ste. 900
Phoenix, AZ 85004-4117
Tel: (602) 307-9900

*Attorneys for Defendant*
*Constellation Pharmaceuticals, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IRIS SPEDALE and DANIEL SPEDALE, husband and wife, | DOCKET NO.: 2:17-CV-00109 |
| Plaintiffs, | **DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS [DKT 64]** |
| v. | |
| CONSTELLATION PHARMACEUTICALS, INC., | |
| Defendant. | |

1.      Admitted. By way of a further response, the Plaintiffs' medical records

speaks for itself, and any mischaracterizations of same are denied.

2.      Objection to Plaintiffs' characterization of Mrs. Spedale being in "relatively good health" and allow the medical records to speak for itself and any mischaracterization of same are denied.

3.      Admitted. By way of a further response, the Plaintiffs' medical records speaks for itself, and any mischaracterizations of same are denied.

4.      Admitted. By way of a further response, the Plaintiffs' medical records speaks for itself, and any mischaracterizations of same are denied.

5.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

6.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

7.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

8.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

9.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

10.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

11.      Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

12.     Denied in part as the records from October 13, 2009 by Dr. Fonseca do not indicate that the Plaintiff was prescribed olanzapine, but otherwise, admitted.  By way of a further response, the Plaintiffs' medical records speaks for itself, and any mischaracterizations of same are denied.

13.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

14.     Objection to plaintiffs' characterization of Mrs. Spedale's "two brief returns of the cancer" and allow the medical records to speak for itself and any mischaracterization of same are denied.

15.     Objection to plaintiffs' characterization of the phrase "with limited if any actual debilitating symptoms" and allow the medical records to speak for itself and any mischaracterization of same are denied.

16.     Objection to plaintiffs' characterization of Mrs. Spedale "still feeling quite good" and allow the medical records to speak for itself and any mischaracterization of same are denied.

17.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

18.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

19.     Objection to  Plaintiffs' characterization that Constellation "controlled" the clinical trial and allow the cited documents to speak for itself and any mischaracterization of same are denied.

20.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

21.     Objection to Plaintiffs' characterization of "its best hope for financial success" and allow the testimony to speak for itself and any mischaracterization of same are denied.

22.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

23.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

24.     Objection to Plaintiffs characterizations of the rats and dogs experiencing "neurotoxic events" and allow the preclinical data to speak for itself.   Any mischaracterization of same is denied.

25.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

26.     Objection to Plaintiffs' characterization of the statement and allow the cited documents to speak for itself and any mischaracterization of same are denied.

27.     Denied. Dr. Michael R. Cooper testified that he did not draft the informed consent but provided a template to the study site (Mayo Clinic) for their revisions pursuant

to their local practices Moreover, Dr. Cooper further testified that he participated in writing the protocol and was the principal author but did not testify that he was the only author. (*See* Plaintiffs' SOAF Exhibit 3 at 59:2-14; 23:12-16.)

28.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

29.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

30.    Objection to Plaintiffs' characterization of the statement and allow the cited documents to speak for itself and any mischaracterization of same are denied.

31.    Admitted in part, but defendant's would like to address the fact that this language is included three separate times within the Clinical Trial Protocol. (*See* Constellation's SOF Exhibit AA, pgs. 4, 29, 33.)

32.    Objection to Plaintiffs' characterization of the statement and allow the medical records to speak for itself and any mischaracterization of same are denied.

33.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

34.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs'

Memorandum in Opposition.  Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

35.     Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

36.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

37.     Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

38.     Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

39.     Denied.  Plaintiffs' object to the characterization of the statements and allow the cited documents to speak for itself and any mischaracterization of same are denied.  It should be noted that Ms. Spedale was not the first human subject enrolled in the trial and she was started at 150mg twice a day. (See, Constellation's SOF, Exhibit U.)

40.    Denied.  The protocol was not exclusive drafted by Dr. Cooper.  He testified that he participated in writing it and was the principal author but did not testify that he was the only author.  (*See* Plaintiffs' Exhibit 3, 23:12-16.)

41.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

42.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

43.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

44.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

45.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no

response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

46.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

47.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

48.    Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

49.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

50.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

51.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

52.     Objection to plaintiffs' characterization of "the compound tested was known to cross into the bloodstream and was found to reduce molecular activity in the brain."  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

**Mrs. Spedale's Participation in the Trial**

53.     Objection to Plaintiffs characterization of the statement but admit that Mrs. Spedale agreed to participate in the clinical trial.

54.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

55.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

56.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

57.     Admitted in part, but it should be noted that it is Ms. Spedale's testimony that she never read the informed consent, was never told about anything in the informed consent, and signed the informed consent relying on Dr. Fonseca's medical expertise. (See Constellation's SOF, ¶ 35).

58.     Objection. This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs'

Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

59.   Denied.   Plaintiffs mischaracterize the testimony of Mr. Spedale and defendants will allow the testimony to speak for itself.

60.   Objection to plaintiffs' characterization of the statement and allow plaintiff's medical records to speak for itself.  To extent there are any mischaracterizations of same, they are denied.

61.   Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

62.   Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

63.   Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

64.   Objection to Plaintiffs' characterization of "devastating downwards spiral" and allow the medical records to speak for itself and any mischaracterization of same are denied.

65.   Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

66.     Objection to plaintiffs' characterization of the statement and allow plaintiff's medical records to speak for itself.  To extent there are any mischaracterizations of same, they are denied.

67.     Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

68.     Denied.  Mrs. Spedale was on a 14 day regimen which started on December 10, 2015 and would have stopped on December 24, 2015, not January 4, 2016.  Admit that Mr. Singh advised Dr. Cooper that Mrs. Spedale "has developed significant mania over the past week". To extent there are any mischaracterizations of same, they are denied.

69.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

70.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

71.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

72.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

73.     This statement constitutes an expert opinion to which no response is required. Defendant's allow the expert report to speak for itself.

74.     Objection.  This statement is inadmissible as it fails to conform to L.R.Civ. 56.1(a) in that it asserts legal arguments which should be reserved for Plaintiffs' Memorandum in Opposition.  This statement constitutes a legal conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

75.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

76.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

77.     This statement constitutes a legal argument and conclusion to which no response is required.   Defendants will allow the testimony and documents cited to speak for itself and any mischaracterization of same is denied.

78.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

79.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

80.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

81.     Objection to plaintiffs' characterization of the statement and allow the documents to speak for itself.  To extent there are any mischaracterizations of same, they are denied.

**James P. Sutton, M.D's Opinions**

82.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

83.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

84.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

85.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

86.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

87.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

88.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

89.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

90.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

91.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

92.     Denied.  Dr. Sutton testified that he has never participated in "pre-clinical phases or been a consultant in pre-clinical phases for drugs".  *See* Constellation SOF Exhibit Z, 22:4-6.

93.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

94.     Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

95.     This statement constitutes a legal conclusion to which no response is required.  To the extent a response is required, admitted.

96.     This statement constitutes a legal conclusion to which no response is required.  To the extent a response is required, admitted.

97.     Objection.  Defendant's object to Dr. Sutton's declaration as it is an improper attempt by plaintiffs to supplement his expert report over four months after plaintiffs were to provide a "full and complete expert disclosure pursuant to Rule 26(a)(2)(A)-(C)," and almost two months after the close of all discovery. (See Rule 16 Scheduling Order, Dkt 52). Plaintiffs have not requested an extension of either fact or expert discovery, or served any supplemental expert disclosure by the rebuttal expert disclosure deadline of September

17, 2018.  Notwithstanding, Sutton's assertion that he is submitting it "in order to address Constellation's inaccurate contentions regarding my expert opinions" (¶ 3), his declaration goes way beyond that purpose by substantively offering new opinions not contained in his expert report, and by citing to new publications for the first time. Submission of new expert opinions is a complete violation of the Court's Order and federal rules, and is extremely prejudicial to Constellation by its inability to have their experts rebut new opinions or depose Sutton on his new theories.  Sutton's declaration is subject to a more in depth objection in defendant's reply memoranda to plaintiffs' opposition to defendant's motion to summary judgment and to plaintiffs' opposition to defendant's motion to exclude opinions of plaintiffs' expert James P. Sutton, M.D.

98.     Objection.  Defendant's object to Dr. Sutton's declaration as it is an improper attempt by plaintiffs to supplement his expert report over four months after plaintiffs were to provide a "full and complete expert disclosure pursuant to Rule 26(a)(2)(A)-(C)," and almost two months after the close of all discovery. (See Rule 16 Scheduling Order, Dkt 52). Plaintiffs have not requested an extension of either fact or expert discovery, or served any supplemental expert disclosure by the rebuttal expert disclosure deadline of September 17, 2018.  Notwithstanding, Sutton's assertion that he is submitting it "in order to address Constellation's inaccurate contentions regarding my expert opinions" (¶ 3), his declaration goes way beyond that purpose by substantively offering new opinions not contained in his expert report, and by citing to new publications for the first time. Submission of new expert opinions is a complete violation of the Court's Order and federal rules, and is extremely

prejudicial to Constellation by its inability to have their experts rebut new opinions or depose Sutton on his new theories.  Sutton's declaration is subject to a more in depth objection in defendant's reply memoranda to plaintiffs' opposition to defendant's motion to summary judgment and to plaintiffs' opposition to defendant's motion to exclude opinions of plaintiffs' expert James P. Sutton, M.D.

99.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

100.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

101.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

102.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

103.    Objection to plaintiffs' characterization of the statement and allow the documents to speak for itself.  To extent there are any mischaracterizations of same, they are denied.

104.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

105.    Denied.  Dr. Sutton testified that, "I don't have an opinion on the studies that were done".  *See* Constellation's SOF, Exhibit 2, 82:1.

106.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

107.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

108.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

109.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

110.    Objection to plaintiffs' characterization of the testimony and allow the testimony to speak for itself.  To extent there are any mischaracterizations of same, they are denied.

111.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

112.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

113.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

114.    Admitted.  By way of further response, the document cited speaks for itself, and any mischaracterizations of same are denied.

115.    This statement constitutes legal conclusions to which no response is required. To the extent a response is required, denied.   The investigating brochure identified

numerous other study participants that were given higher doses of the drug than what Mrs.

Spedale was given.  *See* Constellation SOF, Exhibit J and U.

     116.    This statement constitutes legal conclusions to which no response is required.

To the extent a response is required, admitted, but allow Dr. Sutton's expert report and

testimony to speak for itself.

*/s/ Arthur J. Liederman* (Bar No.1184167)
(*Admitted Pro Hac Vice*)
aliederman@morrisonmahoney.com
*/s/ Nicole M. Battisti* (Bar No. 4961413)
(*Admitted Pro Hac Vice*)
nbattisti@morrisonmahoney.com
**MORRISON MAHONEY LLP**
120 Broadway, Suite 1010
New York, NY 10271
Telephone: (212) 825-1212
Facsimile: (212) 825-1313


*/s/ Jeffrey S. Hunter* (Bar No. 024426)
JHunter@rcdmlaw.com
**RENAUD, COOK, DRURY, MESAROS, PA**
One North Central, Ste. 900
Phoenix, AZ 85004-4117
Tel: (602) 307-9900

*Attorneys for Defendant Constellation
Pharmaceuticals, Inc*

1

2

## CERTIFICATE OF SERVICE

3

    I hereby certify on this 9th day of January, 2019, I electronically transmitted the

4

attached document to the Clerk's Office using the CM/ECF system for filing and

5

transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

6

7

**Alan Milstein**

8

**Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.**

308 Harper Drive, Suite 200

9

Moorestown, NJ 08057

10

AMilstein@shermansilverstein.com

*Attorney for Plaintiff*

11

12

13

                                    */s/ Nicole M. Battisti*

14

    _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28