Alan C. Milstein
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
A Professional Corporation
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744
E-Mail: amilstein@shermansilverstein.com

*Attorneys for Plaintiffs Iris Spedale and Daniel Spedale, husband and wife*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Spedale and Daniel Spedale, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> Constellation Pharmaceuticals, Inc., <br><br> Defendant. | Docket No. CV-17-00109-PHX-JJT <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO RESPOND TO THE DEFENDANT'S OBJECTION TO PORTIONS OF JAMES P. SUTTON, M.D.'S DECLARATION** |

**INTRODUCTION**

Plaintiffs Iris Spedale and Daniel Spedale (collectively "Plaintiffs"), by and through the undersigned counsel, respectfully submit this "Motion for Leave to Respond to the Defendant's Objection to Portions of James P. Sutton, M.D.'s Declaration" ("Motion for Leave"). This Motion for Leave is supported by the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

By way of background, this case arises out of a Phase 1 clinical trial of Defendant Constellation Pharmaceuticals, Inc.'s ("Constellation") experimental drug CPI-0610, a BET inhibitor. BET inhibitors slow the production of the natural protein substances called bromodomains. Constellation drafted the protocol and informed consent document, and was actively involved in running the trial. The Plaintiffs contend that, as of August 2015, at the very latest, Constellation knew or should have known that scientists (including Constellation's co-founder C. David Allis, Ph.D.) were concerned about whether a BET inhibitor could cause adverse neurological effects, and recognized that a full understanding of their function in the brain was of the utmost importance. The Plaintiffs contend that Constellation nevertheless failed to warn of the risk of neurological injury associated with the drug, and failed to exclude from the study any subject who had history of drug-induced neurotoxicity or mania. As a result of her participation in the study, Plaintiff Iris Spedale suffered significant, permanent injuries.

On November 19, 2018, Constellation filed a "Motion to Exclude Opinions of Plaintiffs' Expert Dr. Sutton" ("Motion to Exclude") [Doc. No. 55], and a "Motion for Summary Judgment" [Doc. No. 56]. Constellation argued that Dr. Sutton has "failed to identify any findings in the pre-clinical toxicology data demonstrating that Constellation failed to perform the required and appropriate pre-clinical testing, specifically neurotoxicity testing." Constellation further argued that Dr. Sutton's reliance on the article co-authored by Dr. Allis ("Allis Article") was misplaced,

contending that "Dr. Sutton relies exclusively on one published article (coauthored by one of Constellation's former founders) in which he suggests establishes that BET inhibitors, the class of drugs in which the study drug is part of, causes brain injury in mammals."  [E.g., Doc. No. 56, page 3.]  Constellation contended that Dr. Sutton's opinions and testimony should be excluded.

Constellation attached to both its Motion to Exclude, and its Motion for Summary Judgment, an Affidavit from Robert Sims, Ph.D. ("Sims Affidavit"), who is an employee of Constellation.  [Document Nos. 55-3, 59-8.]  Constellation argued in its briefing that the Sims Affidavit "confirm[s] that Sutton's conclusions are factually inaccurate and a gross misinterpretation of the findings" in the Allis Article.  [E.g., Doc. No. 56, page 3.]  The Sims Affidavit offers expert opinions on the part of Dr. Sims that were indisputably not disclosed to the Plaintiffs during the period for expert disclosures.  Indeed, within the Sims Affidavit, Dr. Sims purports to, for the first time, "clarify the findings of the Article and to correct any misinterpretations that Dr. Sutton has of the Article and any factually inaccurate statements made about the findings in the Article."  [E.g., Doc. No. 55-3, ¶ 7.]  The Sims Affidavit is dated November 19, 2018, the filing date of Constellation's Motion to Exclude, and Motion for Summary Judgment.  [E.g., Doc. No. 59-8.]

The Plaintiffs had every right to vigorously respond.  To this end, they obtained a detailed declaration from their own expert Dr. Sutton ("Sutton Declaration"), and they attached the Sutton Declaration to their opposition to Constellation's Motion to Exclude, and their opposition to Constellation's Motion for Summary Judgment. [E.g., Doc. No. 64-7.].

As Dr. Sutton states, he submitted his declaration "in order to address Constellation's inaccurate contentions regarding [his] expert opinions in this matter, and [his] reference to" the Allis Article.  [Doc. No. 64-7, ¶ 3.]  Indeed,

-2-

- Paragraphs 5-6 of the Sutton Declaration, which are unchallenged by Constellation, directly respond to the assertions within ¶ 5 of the Sims Affidavit.

- Paragraphs 7-8 of the Sutton Declaration, which are unchallenged by Constellation, directly respond to the assertions within ¶ 6 of the Sims Affidavit.

- Paragraphs 9-13 of the Sutton Declaration, most of which are unchallenged by Constellation, directly respond to the assertions within ¶ 8 of the Sims Affidavit that the purpose of the Allis Article and the testing "was to evaluate potential effects of a chromatin regulator, BRD4, on gene expression and any downstream biological responses in a neuronal setting in neuronal cells and animal behavior experiments."

- Paragraphs 14-25 of the Sutton Declaration directly respond to the assertions within ¶ 10 of the Sims Affidavit that, based upon Dr. Sims' experience, "it cannot be assumed that two chemically distinct BET bromodomain inhibitors have the same pharmacokinetic properties, blood brain barrier penetration, and pharmacologic effects without direct and comparative experimental determination."

- Paragraphs 26-32 of the Sutton Declaration, which are unchallenged by Constellation, directly respond to the assertions within ¶ 11 of the Sims Affidavit.

- Paragraphs 33-38 of the Sutton Declaration, some of which are unchallenged by Constellation, directly respond to the assertions within the first portion of ¶ 12 of the Sims Affidavit that "[t]here were no major changes in short-term memory, movement, learning ability or anxiety."

- Paragraphs 39-52, many of which are unchallenged by Constellation, directly respond to the assertions within the second portion of ¶ 12 of the Sims

Affidavit that "the neurological and psychological characteristics of the mice were considered to be normal and unaffected by the BET inhibitor."

- Paragraphs 53-57, most of which are unchallenged by Constellation, directly respond to the assertions within ¶ 13 of the Sims Affidavit that "[t]here were no findings that the mice suffered brain cell death or change in the brain's neuronal structure."

- Paragraphs 58-59, both of which are unchallenged by Constellation, directly respond to the assertions within ¶ 15 of the Sims Affidavit.

- Paragraphs 60-72 directly respond to the assertions within ¶ 16 of the Sims Affidavit that "the brain and central nervous system was tested during 6 independent general toxicology studies and no findings of neurological or psychological issues were found."

- Paragraphs 73-91 directly respond to the assertions within ¶ 17 of the Sims Affidavit that Dr. Sims is "aware of no FDA regulation or guideline that requires specific neurotoxicity testing for BET inhibitors due to concern of the inhibitor causing neurological and/or psychological issues."

- Paragraphs 92-100 directly respond to the assertions within the first portion of ¶ 18 of the Sims Affidavit that Dr. Allis "never mentioned the findings of the research with respect to the work we were undertaking at Constellation, nor would I expect him to do so."

- Finally, ¶¶ 101-102, which are unchallenged by Constellation, directly respond to the assertions within the second portion of ¶ 18 of the Sims Affidavit.

In its reply papers in further support of its Motion to Exclude, and its Motion for Summary Judgment, Constellation baselessly objects to portions of Dr. Sutton's declaration (namely ¶¶ 13, 15, 16-25, 36-38, 41, 43, 49, 50-52, 57, 61-72, 75-91, 95-96, and 99-100), on the grounds that said portions constitute an impermissible enlargement of prior expert disclosures.

1    Because this objection appears in Constellation's reply papers, the Plaintiffs would have no opportunity to respond, in the absence of leave to file a response. Other District Courts have recognized that, in such circumstances, a plaintiff should be granted leave to file a response.[1] Moreover, the Plaintiffs have a meritorious response to the objection. Indeed, as set in the proposed response attached to this Motion as **Exhibit "A,"** the Sutton Declaration responds to the opinions within the Sims Affidavit, first disclosed on November 19, 2018, on a paragraph-by-paragraph basis. Surely Constellation cannot contend that Dr. Sims should be allowed to give new expert opinions in support of summary judgment and a <u>Daubert</u> motion, and those opinions cannot be challenged by way of a responsive declaration. Moreover, the Sutton Declaration is completely consistent with Dr. Sutton's prior expert disclosures, and at most, in certain instances, in direct response to Dr. Sims' assertions, provides further support for Dr. Sutton's prior contentions. If any party has submitted "new expert opinions at the summary judgment and <u>Daubert</u> stage," it is Constellation. And even if the challenged opinions within the Sutton Declaration are new, which they are not, the disclosure of those opinions at the summary judgment/<u>Daubert</u> stage is "substantially justified or harmless"[2] in light of the Sims Affidavit.

## **CONCLUSION**

For the foregoing reasons, the Motion should be granted, and this Court should allow the Plaintiffs to file the attached response to the objection set forth in Constellation's reply brief.

---

[1] <u>See, e.g.</u>, <u>U.S. ex rel. Purcell v. MWI Corp.</u>, 520 F. Supp. 2d 158, 167 (D.D.C. 2007), <u>rev'd on other grounds</u>, 807 F.3d 281 (D.C. Cir. 2015) ("The defendant's objection to the Sciacca affidavit presents a new issue. [Citation omitted.] Consideration of the government's sur-reply … furthers the interests of fairness and elucidation of the law through the adversarial process. The court, therefore, grants the government an opportunity to defend the affidavit's inclusion in the catalogue of evidence by way of the sur-reply.").

[2] <u>See</u> Federal Rule of Civil Procedure 37(c)(1).

| | | |
|---|---|---|
| Dated: <u>Wednesday, January 16, 2018</u> | | Respectfully submitted, |
| | | SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A. |
| | By: | <u>/s/ Alan C. Milstein</u><br>Alan C. Milstein<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Telephone: 856-662-0700<br>Facsimile: 856-488-4744<br>E-Mail: amilstein@shermansilverstein.com |
| | | *Attorneys for the Plaintiffs* |

**CERTIFICATE OF SERVICE**

I, Alan C. Milstein, hereby certify that, on Wednesday, January 16, 2018, I served a copy of the within document upon the following counsel of record via this Court's electronic case filing system:

Arthur J. Liederman, Esquire (*Pro Hac Vice*)
Nicole M. Battisti, Esquire (*Pro Hac Vice*)
MORRISON MAHONEY LLP
120 Broadway, Suite 1010
New York, NY 10271

Jeffrey S. Hunter, Esquire
RENAUD, COOK, DRURY, MESAROS, P.A.
One North Central, Suite 900
Phoenix, AZ 85004-4117

*Attorneys for Defendant*
*Constellation Pharmaceuticals, Inc.*

By:   /s/ Alan C. Milstein