Arthur J. Liederman (Bar No. 1184167)
(*Admitted Pro Hac Vice*)
aliederman@morrisonmahoney.com
Nicole M. Battisti (Bar No. 4961413)
(*Admitted Pro Hac Vice*)
nbattisti@morrisonmahoney.com
**MORRISON MAHONEY LLP**
120 Broadway, Suite 1010
New York, NY 10271
Telephone: (212) 825-1212
Facsimile: (212) 825-1313

Jeffrey S. Hunter, Esq. (Bar No. 024426)
JHunter@rcdmlaw.com
**RENAUD, COOK, DRURY, MESAROS, PA**
One North Central, Ste. 900
Phoenix, AZ 85004-4117
Tel: (602) 307-9900

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Spedale and Daniel Spedale, husband and wife, | DOCKET NO.: CV-17-00109-PHX-JJT |
| Plaintiffs, | **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO RESPOND TO THE DEFENDANT'S OBJECTION TO PORTIONS OF JAMES P. SUTTON, M.D.'S DECLARATION AND CROSS MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE** |
| v. | |
| Constellation Pharmaceuticals Inc, | |
| Defendant. | |

**COMES NOW, CONSTELLATION PHARMACEUTICALS, INC.** ("Constellation" or "Defendant"), in the above-entitled action, by its attorney, Morrison Mahoney, LLP and Renaud Cook Drury, Mesaros, PA, and submits this Opposition to Plaintiffs' Motion for Leave to Respond to the Defendant's Objection to Portions of James

1180402v.1

P. Sutton, M.D.'s Declaration, and alternatively Cross Moves for Leave to file a Reply to Plaintiffs' Response.

## BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiffs seek recovery premised on causes of action for lack of informed consent, negligence and strict liability based on Ms. Spedale's alleged personal injuries following enrollment in a clinical trial sponsored by the defendant.  Plaintiffs identified Dr. Sutton, a board-certified neurologist, as their only expert in the case in an expert disclosure prior to the court deadline of August 6, 2018.[1]  No additional experts were disclosed by plaintiffs nor did Dr. Sutton amend his expert report by the expert rebuttal deadline of September 17, 2018.[2]  Plaintiffs did not seek an extension of any of the deadlines in the Court's Rule 16 Scheduling Order.  On November 19, 2018, defendant filed a Motion to Exclude Opinions of Plaintiffs' Expert Dr. Sutton ("Motion to Exclude") [Doc. 55] and a Motion for Summary Judgment.  [Doc. 56]  In support of its Motions, defendant attached an affidavit by a company employee regarding the Allis article.[3]  This article is heavily relied upon by plaintiffs and their expert, Dr. Sutton.[4]  Defendant did not designate Dr. Sims as an expert nor is defendant relying on Dr. Sims as an expert in this case.  Plaintiff never deposed Dr. Sims despite the fact that he was disclosed in defendant's initial disclosures in June 2017. Plaintiffs' counsel has never confirmed a date, notwithstanding repeated requests to conduct the deposition of Dr. Sims prior to the conclusion of fact discovery. Dr. Sims had personal knowledge of the Allis article cited by both plaintiffs and Dr. Sutton and sought

---

[1] *See* Rule 16 Scheduling Order, Doc. 52.

[2] *Id.*

[3] Korb E, Herre M, Zucker-Scharff I, Darnell RB, Allis CD. "BET protein Brd4 activates transcription in neurons and BET inhibitor Jq1 blocks memory in mice." Nat. Neurosci. 2015; 18(10): 1464-73. *See* Plaintiffs' Statement of Additional Facts ("SOAF")(Doc 64), **Exhibit 7.**

[4] See Dr. Sutton's Expert Report at Constellation's Statement of Facts ("SOF")(Doc 58), **Exhibit Y.**

to address the inaccurate statements made by Dr. Sutton regarding the fact that the Allis article demonstrated that BET inhibitors causes "brain injury in mammals".[5]  Dr. Sims' affidavit was exclusively limited to the Allis article and the fact that the article did not conclude what Dr. Sutton stated in his report.[6]  Plaintiffs filed oppositions to Defendant's Motion to Exclude [Doc. 65] and Motion for Summary Judgment [Doc 63] on December 18, 2018 and attached to both oppositions a Declaration by Dr. Sutton addressing Dr. Sims' affidavit and expanding on Dr. Sutton's expert opinions.[7]

Pursuant to the District Court's local rules, Defendant could not file a separate Motion to Strike Dr. Sutton's Declaration but was required to file an objection within its reply memoranda. *See* LRCiv 7.2(m)(2).  Defendant complied with the District Court's local rules and submitted an objection within its Reply Memoranda in support of both its Motion to Exclude and Motion for Summary Judgment to object to various paragraphs in Dr. Sutton's Declaration which improperly expanded on and enlarged his expert opinions. [*See* Docs. 68 and 69]

Plaintiffs now seek leave from this Court to respond to defendant's objection to various paragraphs in Dr. Sutton's Declaration.  Defendant opposes this motion on the basis that a response by plaintiffs is unnecessary and not provided for by the local rules, and alternatively, cross-moves for leave to file a reply to plaintiffs' response should this Court believe such a response is required.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs filed a Declaration of Dr. Sutton for purposes of addressing Dr. Sims' affidavit, which also improperly expanded on his expert opinions.  Defendants objected to paragraphs 13, 15, 16-25, 36-38, 41, 43, 49, 50-52, 57, 61-72, 75-91, 95-96 and 99-100 in

---

[5] *Id.* at p. 10, section 5(f).
[6] *See* Dr. Sims' Affidavit at Constellation's SOF [Doc 58], **Exhibit H**.
[7] *See* Dr. Sutton's Declaration at Plaintiffs' SOAF [Doc 64], **Exhibit 16.**

compliance with this District Court's Local Rule 7.2(m)(2).  Notably, defendant did not object to paragraphs in which Dr. Sutton addressed the statements made by Dr. Sims or references Dr. Sutton made to the Allis article.  Rather, defendant objected to paragraphs which provided further opinions by Dr. Sutton, outside the expert disclosure period, on defendant's preclinical toxicology data, the biological differences between BET inhibitors and various federal regulations and guidelines, none of which were contained within Dr. Sutton's expert report or mentioned by Dr. Sims in his affidavit.[8]  Plaintiff contends that Dr. Sims' affidavit in support of Constellation's Motion to Exclude and Motion for Summary Judgement offers expert opinions not disclosed during the expert discovery period and Dr. Sutton's declaration was simply to address Dr. Sims' inaccurate contentions. First, plaintiff never objected to Dr. Sims' affidavit in his opposition papers as being an improper expert opinion, and has now waived the right to do so. *See* L.R.7.2(m)(2). Moreover, plaintiffs' opposition to both motions, and Dr. Sutton's declaration, never categorized Dr. Sims' affidavit as an "expert" opinion.  It is only now, when plaintiffs are seeking further relief to file a response that they would like to classify his affidavit as an expert opinion.  Second, Dr. Sims' statements reflect only the mindset and knowledge of the defendant which lay at the core of Dr. Sutton's allegations and purported opinions.

The paragraphs objected to by the defendant were statements and opinions that further expanded on Dr. Sutton's expert report and deviated from any statements made by Dr. Sims regarding the Allis article.[9]  For instance, Dr. Sutton's Declaration provided an in-depth and detailed analysis of Constellation's preclinical toxicology data, the results of the data, the adverse effects exhibited by the animals, and what Dr. Sutton believed to be

---

[8] *See* Dr. Sutton's Expert Report at Constellation's SOF [Doc 58], **Exhibit Y;** Dr. Sims' Affidavit at Constellation's SOF [Doc 58], **Exhibit H**.

[9] *See* Dr. Sutton's Declaration at Plaintiffs' SOAF [Doc 64], **Exhibit 16, ¶¶** 13, 15, 16-25, 36-38, 41, 43, 49, 50-52, 57, 61-72, 75-91, 95-96 and 99-100.

neurotoxic effects in the data.[10]   Dr. Sutton's expert report stated **nothing** about Constellation's preclinical toxicology data, nor does Dr. Sims' affidavit address this topic. Dr. Sims' affidavit is limited solely to what the Allis article and study was intended to address and the results of that study.   Dr. Sims did not interpret any data or offer any comments regarding facts or commentary outside the four corners of the article.   In addition, Dr. Sutton's Declaration addressed various federal regulations and guidelines, namely ICH S7A and ICH S9, to expand on the preclinical testing guidelines and analyzing it in connection with Constellation's preclinical data.[11]   Again, Dr. Sims' affidavit did not mention the federal regulations and guidelines governing preclinical testing and whether Constellation's preclinical testing was in compliance with such guidelines.

A response by plaintiffs to defendant's objections to Dr. Sutton's Declaration is not necessary for this Court to determine whether the paragraphs objected to should be stricken and disregarded, nor is it permitted by the local rules.  Pursuant to the District Court's local rules, an objection to the admissibility of evidence offered in support of or in opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing.   *See* LRCiv 7.2(m)(2).  Since defendant objected to various paragraphs of Dr. Sutton's Declaration, defendant was required to file an objection in its reply memoranda.  In an identical case within this District, defendants filed a separate motion to strike plaintiff's expert's declaration that was submitted in opposition to defendants' motion for summary judgment because it was "an improper attempt by plaintiff to supplement his expert report well after the close of discovery." *Smith v. City of Chandler, et al.*, 2:12-cv-02391-FJM, Doc. 55 (D. Ariz. April 16, 2014).  The District Court denied the motion finding that it violated LRCiv 7.2(m)(2) in that "[a]n objection to (and any argument regarding) the admissibility of evidence

---

[10] *See* Plainitffs' SOAF, **Exhibit 16, ¶¶** 61-72.
[11] *See* Plaintiffs' SOAF, **Exhibit 16, ¶¶** 75-91.

offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing." *Id.*

If this Court's rules desired full briefing on these objections, it would allow the parties to file a separate motion to strike to permit both parties to brief the issue. However, this Court does not allow full briefing pursuant to the local rules. Defendant was only permitted to file an 11-page reply memorandum in support of its Motion to Exclude and Motion for Summary Judgment, which also had to include the objection to various paragraphs of Dr. Sutton's Declaration in the same document. *See* LRCiv 7.2(e). Defendant was limited both to what it could argue in its objection to Dr. Sutton's declaration and its reply argument. **Allowing plaintiff to now submit a full response to defendant's objections would be prejudicial to the defendant since they were unable to fully brief their arguments and would defeat the purpose of the local rules.**

Moreover, not only do the local rules not provide for full briefing on these issues, but the Court does not require full briefing as the documents and evidence are plainly before this Court. The Court has copies of Dr. Sutton's original expert report stating all of his opinions for this matter, as well as Dr. Sims' affidavit, and Dr. Sutton's declaration submitted with plaintiffs' opposition.[12] This Court is more than capable of looking at the documents and determining whether paragraphs 13, 15, 16-25, 36-38, 41, 43, 49, 50-52, 57, 61-72, 75-91, 95-96 and 99-100 of Dr. Sutton's Declaration are an improper attempt by plaintiffs to supplement their expert's opinions.

In the alternative, if this Court believes that plaintiffs should be afforded the opportunity to respond to defendant's objections, defendant requests an opportunity to file

---

[12] *See* Dr. Sutton's Expert Report at Constellation's SOF [Doc 58], **Exhibit Y;** Dr. Sims' Affidavit at Constellation's SOF [Doc 58], **Exhibit H**; Dr. Sutton's Declaration at Plaintiffs' SOAF [Doc 64], **Exhibit 16.**

5

a reply brief to plaintiffs' response so that it is given a full and fair opportunity to address its objections.

For the reasons argued above, plaintiffs' Motion for Leave to Respond to the Defendant's Objection to Portions of James P. Sutton, M.D.'s Declaration should be denied in its entirely.  In the alternative, if the court grants plaintiffs' motion for leave, Defendant's Cross-Motion for Leave to file a Reply to Plaintiffs' Response should be granted.


Respectfully submitted,

**MORRISON MAHONEY LLP**


*/s/ **Arthur J. Liederman*** (Bar No. 1184167)
(*Admitted Pro Hac Vice*)
aliederman@morrisonmahoney.com
*/s/ **Nicole M. Battisti*** (Bar No. 4961413)
(*Admitted Pro Hac Vice*)
nbattisti@morrisonmahoney.com
**MORRISON MAHONEY LLP**
120 Broadway, Suite 1010
New York, NY 10271
Telephone: (212) 825-1212
Facsimile: (212) 825-1313

Jeffrey S. Hunter, Esq. (Bar No. 024426)
JHunter@rcdmlaw.com
**RENAUD, COOK, DRURY, MESAROS, PA**
One North Central, Ste. 900
Phoenix, AZ 85004-4117
Tel: (602) 307-9900

*Attorney for Defendant*
*Constellation Pharmaceuticals, Inc.*

1180402v.1

1

2
## CERTIFICATE OF SERVICE

3
   I hereby certify on this 24th day of January, 2019, I electronically transmitted the

4

5
attached document to the Clerk's Office using the CM/ECF system for filing and

6
transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

7

8
**Alan Milstein**
**Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.**

9
308 Harper Drive, Suite 200

10
Moorestown, NJ 08057
AMilstein@shermansilverstein.com

11
*Attorney for Plaintiff*

12

13

14
                    */s/ Nicole M. Battisti*_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1180402v.1