Alan C. Milstein
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
A Professional Corporation
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744
E-Mail: amilstein@shermansilverstein.com

*Attorneys for Plaintiffs Iris Spedale and Daniel Spedale, husband and wife*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Spedale and Daniel Spedale, husband and wife, | Docket No. CV-17-00109-PHX-JJT |
| Plaintiffs, | **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO RESPOND TO THE DEFENDANT'S OBJECTION TO PORTIONS OF JAMES P. SUTTON, M.D.'S DECLARATION** |
| v. | |
| Constellation Pharmaceuticals, Inc., | |
| Defendant. | |

# INTRODUCTION

Plaintiffs Iris Spedale and Daniel Spedale (collectively "Plaintiffs"), by and through the undersigned counsel, respectfully submit this reply memorandum in further support of their "Motion for Leave to Respond to the Defendant's Objection to Portions of James P. Sutton, M.D.'s Declaration" ("Motion for Leave").

# MEMORANDUM OF POINTS AND AUTHORITIES

In its opposition to the Plaintiffs' Motion for Leave, Constellation contends that it is not "relying on Dr. Sims as an expert in this case," and relatedly contends that the statements within the Sims Affidavit are not "expert" opinions and therefore did not need to be disclosed before the defense expert deadline of September 4, 2018. Even if Constellation is correct, Dr. Sutton was allowed to respond to Dr. Sims' opinions.

What is more, Constellation is incorrect. Federal Rule 702 suggests that expert testimony is testimony based upon "the expert's scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or determine a fact in issue," and imposes additional requirements. See Federal Rule of Evidence 702(a). Here, Dr. Sims is indeed a Constellation employee, and he avers that he was "involved in the preclinical and clinical development of the study drug at issue in this litigation." Nevertheless, the Sims Affidavit, with a few isolated exceptions, does nothing more than present Dr. Sims' view, as a molecular biologist, on the Allis Article, outside of any role Dr. Sims had in the development of the drug. Indeed, in ¶ 7 of the Sims Affidavit, Dr. Sims states: "I submit this affidavit to clarify the findings of the [Allis] Article and to correct any misinterpretations that Dr. Sutton has of the Article and any factually inaccurate statements made about the findings in the Article." [E.g., Doc. 59-8, ¶ 7.] In fact, in ¶ 18 of the Sims Affidavit, Dr. Sims asserts that the research underlying the Allis Article actually had no "significance to the work of Constellation." [E.g., Doc. No. 55-3, ¶ 18.] Against this backdrop, in the Sims Affidavit, Dr. Sims sets forth numerous opinions regarding his interpretation of the Allis Article. Constellation's attempt to paint Dr. Sims as a pure fact witness fails.

As Constellation implicitly concedes, it never disclosed Dr. Sims as an expert witness by the September 4, 2018, deadline for disclosing defense experts. See Federal Rule of Civil Procedure 26(a)(2)(A).  Nor did Constellation provide an expert report from Dr. Sims (or, to the extent Dr. Sims was not required to submit a full report, a disclosure stating the subject matter on which Dr. Sims was expected to testify under Federal Rules 702, 703, or 705, and a summary of the facts and opinions to which Dr. Sims was expected to testify). See Federal Rule of Civil Procedure 26(a)(2)(B)-(C).  Rather, the Sims Affidavit, which discloses his identity as an expert and the substance of his expert opinions for the first time, was provided to the Plaintiffs on November 19, 2018, as an attachment to Constellation's Motion for Summary Judgment, and Motion to Exclude.  On December 18, 2018, the Plaintiffs filed oppositions that attached the responsive declaration from Dr. Sutton.  Again, Dr. Sutton made clear that he was submitting the declaration "in order to address Constellation's inaccurate contentions regarding [his] expert opinions in this matter, and [his] reference to the" Allis Article.  [Doc. No. 64-17, ¶ 3.]  He proceeds to respond to the Sims Affidavit on a paragraph-by-paragraph basis.  [Doc. No. 64-17.][1]

Constellation further contends that the paragraphs that it objected to "were statements that further expanded on Dr. Sutton's expert report and deviated from any statements made by Dr. Sims regarding the Allis [A]rticle."  [Doc. No. 73, 3:18-20.]

---

[1] For this reason, and the other reasons stated herein, this case is distinguishable from the unpublished case of Smith v. City of Chandler, which Constellation has failed to provide a citation to.  Moreover, in their opposition, the Plaintiffs did argue that the Sims' Affidavit should be stricken, as it failed to state that it is made under penalty of perjury.  [E.g., Doc. No. 63, 3:8-10.]  The Plaintiffs further stated: "It should be noted that Constellation's self-serving affidavit from Dr. Sims was provided for the first time in connection with the instant motion for summary judgment." [Doc. No. 64, ¶ 62.]  The Plaintiffs further noted: "Plaintiffs had noticed Dr. Sims' FRCP 30(b)(6) deposition on June 27, 2018; due to delays and Dr. Sims' supposed unavailability, the deposition was never scheduled.  The week before filing the instant motion, the Plaintiffs were informed that Dr. Sims would be available in December."  [Doc. No. 64, page 34 n.6.]  In any event, Constellation's argument about the timing of an objection is a "red herring," as this motion practice is about Constellation's objections to certain paragraphs of the Sutton Declaration.

-2-

Again, the Sutton Declaration responds to the Sims' Affidavit on a paragraph-by-paragraph basis.

In its opposition brief, Constellation asserts that the Sims Affidavit does not "address [the] topic" of "Constellation's preclinical toxicology data." In reality, in ¶ 16 of the Sims Affidavit, Dr. Sims asserts in pertinent part, "the brain and central nervous system was tested during 6 independent general toxicology studies and no findings of neurological or psychological issues were found." [E.g., Doc. No. 59-8, ¶ 16.] Dr. Sutton responds by citing the studies, which demonstrate that Mr. Sims' assertion is inaccurate. [Compare Doc. No. 59-8, ¶ 16 with Doc. No 64-17, ¶¶ 61-72.] Similarly, in its opposition brief, Constellation asserts that ¶¶ 75-91 of the Sutton Declaration do not respond to the Sims Affidavit. In reality, in those paragraphs, Dr. Sutton directly responds to Dr. Sims' assertion that he is "aware of no FDA regulation or guideline that requires specific neurotoxicity testing for BET inhibitors due to concern of the inhibitor causing neurological and/or psychological issues." [Compare Doc. No. 59-98, ¶ 17 with Doc. No. 64-17, ¶¶ 75-91.]

Moreover, the Sutton Declaration is completely consistent with Dr. Sutton's prior expert disclosures, and at most, in certain instances, in direct response to Dr. Sims' assertions, provides further support for Dr. Sutton's prior contentions. [Compare Doc. No. 64-17 with Doc. Nos. 59-25, 59-26.] And even if the challenged opinions within the Sutton Declaration are truly "new," which they are not, the disclosure of those opinions at the summary judgment/<u>Daubert</u> stage is "substantially justified or harmless"[2] in light of the Sims Affidavit.

Finally, in filing a cross-motion seeking to file an additional brief in response to the Plaintiffs' response, Constellation misreads the procedural situation. In its reply brief in support of its Motion for Summary Judgment and Motion to Exclude, Constellation asserted a baseless objection to certain portions of the Sutton

---

[2] <u>See</u> Federal Rule of Civil Procedure 37(c)(1).

Declaration. Because this occurred in a reply brief, in the absence of leave to file a response, Constellation could theoretically have the *only* word on its objection, which misleadingly omits to mention that the very first time the Plaintiffs were made aware of Dr. Sims' opinions was November 19, 2018. The Plaintiffs' proposed response provides this context.³

## CONCLUSION

For the foregoing reasons, the Motion should be granted, and this Court should allow the Plaintiffs to file their proposed response to the objection set forth in Constellation's reply brief.

Dated: Wednesday, January 30, 2019     Respectfully submitted,

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By:   /s/ Alan C. Milstein
      Alan C. Milstein
      308 Harper Drive, Suite 200
      Moorestown, NJ 08057
      Telephone: 856-662-0700
      Facsimile: 856-488-4744
      E-Mail: amilstein@shermansilverstein.com

*Attorneys for the Plaintiffs*

---

³ See, e.g., U.S. ex rel. Purcell v. MWI Corp., 520 F. Supp. 2d 158, 167 (D.D.C. 2007), rev'd on other grounds, 807 F.3d 281 (D.C. Cir. 2015) ("The defendant's objection to the Sciacca affidavit presents a new issue. [Citation omitted.] Consideration of the government's sur-reply … furthers the interests of fairness and elucidation of the law through the adversarial process. The court, therefore, grants the government an opportunity to defend the affidavit's inclusion in the catalogue of evidence by way of the sur-reply.").

## CERTIFICATE OF SERVICE

I, Alan C. Milstein, hereby certify that, on Wednesday, January 30, 2019, I served a copy of the within document upon the following counsel of record via this Court's electronic case filing system:

> Arthur J. Liederman, Esquire (*Pro Hac Vice*)
> Nicole M. Battisti, Esquire (*Pro Hac Vice*)
> MORRISON MAHONEY LLP
> 120 Broadway, Suite 1010
> New York, NY 10271
>
> Jeffrey S. Hunter, Esquire
> RENAUD, COOK, DRURY, MESAROS, P.A.
> One North Central, Suite 900
> Phoenix, AZ 85004-4117
>
> *Attorneys for Defendant*
> *Constellation Pharmaceuticals, Inc.*

By:    /s/ Alan C. Milstein