Arthur J. Liederman (Bar No.1184167)
(*Admitted Pro Hac Vice*)
aliederman@morrisonmahoney.com
Nicole M. Battisti (Bar No. 4961413)
(*Admitted Pro Hac Vice*)
nbattisti@morrisonmahoney.com
**MORRISON MAHONEY LLP**
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
Telephone: (212) 825-1212
Facsimile: (212) 825-1313

Jeffrey S. Hunter, Esq. (Bar No. 024426)
JHunter@rcdmlaw.com
**RENAUD, COOK, DRURY, MESAROS, PA**
One North Central, Ste. 900
Phoenix, AZ 85004-4117
Tel: (602) 307-9900

*Attorneys for Defendant*
*Constellation Pharmaceuticals, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Spedale and Daniel Spedale, husband and wife,<br><br>            Plaintiffs,<br>     v.<br><br> Constellation Pharmaceuticals, Inc.,<br><br>            Defendant. | DOCKET NO.: 2:17-cv-00109-PHX-JJT<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants respectfully submit this response to Plaintiffs' July 15, 2019 Notice of Supplemental Authority, which cites a Memorandum and Order from *Butler v. Juno Therapeutics, Inc.*, No. H-18-898, 2019 WL 2568477 (S.D. Tex. June 21, 2019). The *Butler* order is not relevant because the facts of the Butler case are dissimilar and

1205974v.1

distinguishable to the case at hand. In *Butler*, the decedent was enrolled in a Phase II Clinical Trial of JCAR015 for the treatment of her cancer. She was given and signed an informed consent to participate in the trial. After starting the trial, the decedent died from severe cytokine release syndrome and severe neurotoxicity.

Plaintiffs alleged that they were not informed about the risks of severe neurotoxicity, severe cytokine release syndrome or cerebral edema. *See*, *Butler,* 2019 WL 2568477 at *4. Moreover, it was alleged that these risks were not contained within the informed consent form. Plaintiffs argued that data from another trial (JCAR014) concluded that 20% of patients suffered from severe cytokine release syndrome and 35% suffered from severe neurotoxicity. *Id*. at 5. Since the Sponsor was using trial data from JCAR014 to provide insight into the CAR therapy for the JCAR015 clinical trial, it was plaintiffs' position that the Sponsor should have listed the side effects seen in the JCAR014 trial data. *Id*.

Moreover, the JCAR015 Phase II clinical trial that decedent was enrolled in was put on hold prior to her death due to "new safety concerns that arose from the trial. *Id*. at 6. The decedent was told she would receive a new and updated informed consent form listing the additional risks. *Id*. The decedent never received the updated informed consent and was told by her treating physician that she was fine continuing with the trial. *Id.* It was later determined that 52% of the participants who were enrolled in the same trial as the decedent suffered from severe neurotoxicity and 21% suffered from severe cytokine release syndrome – the same ailments the decedent died from. *Id*. at 7.

The facts of this case are unrelated to the issues in the matter at hand.  In the present case, Ms. Spedale alleged that she suffered from psychosis/mania after 14 days of being enrolled in the Phase I clinical trial of CPI-0610.  No other participant enrolled in the same trial suffered from this ailment, nor was there any indication during the preclinical and Phase I testing that the study drug presented neurological and psychological risks, such as the ones experienced by Ms. Spedale.  Moreover, plaintiffs claimed that Constellation was

1

1205974v.1

negligent and strictly liable for failing to conduct additional neurotoxicity testing in the preclinical phase (beyond what the FDA required) relying on an article about a different drug in the same class. This is not a case where Constellation had knowledge of risks occurring in one of their clinical trials and did not inform future participants, like in *Butler*.

The Western District of Texas took note of the *Zeman* decision which suggested that a drug manufacturer *may owe* a duty to both the investigator of the clinical trial and the patients enrolled to disclose the risks and obtain informed consent. However, the *Butler* court did not conclude that the sponsor has a duty to obtain the patients informed consent, but rather that they could not conclude that the manufacturer has *no* duty whatsoever to the clinical-trial participants.

Constellation's arguments in its motion for summary judgment accepted the fact that it had a duty to provide sufficient information to the investigator which would then pass this information on to the clinical trial participants. But Constellation further argued and pointed out that it was not privy to the conversations between the clinical trial investigator and Ms. Spedale and did not have a duty under the federal regulations to physically obtain Ms. Spedale's informed consent.

1205974v.1

Accordingly, the *Butler* Memorandum and Order does not support Plaintiffs' argument.

DATED this 15th day of August, 2019.

                */s/ Arthur J. Liederman* (Bar No.1184167)
                (*Admitted Pro Hac Vice*)
                aliederman@morrisonmahoney.com
                */s/ Nicole M. Battisti* (Bar No. 4961413)
                (*Admitted Pro Hac Vice*)
                nbattisti@morrisonmahoney.com
                **MORRISON MAHONEY LLP**
                Wall Street Plaza
                88 Pine Street, Suite 1900
                New York, NY 10005
                Telephone: (212) 825-1212
                Facsimile: (212) 825-1313

                */s/ Jeffrey S. Hunter* (Bar No. 024426)
                JHunter@rcdmlaw.com
                **RENAUD, COOK, DRURY, MESAROS, PA**
                One North Central, Ste. 900
                Phoenix, AZ 85004-4117
                Tel: (602) 307-9900

                *Attorneys for Defendant*
                *Constellation Pharmaceuticals, Inc.*

1205974v.1

# CERTIFICATE OF SERVICE

I hereby certify on this 15th day of August, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Alan Milstein**
**Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.**
308 Harper Drive, Suite 200
Moorestown, NJ 08057
AMilstein@shermansilverstein.com
*Attorney for Plaintiff*

/s/ Roselyne Pierre

4

1205974v.1